UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARK P. BIXLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 10-CV-0745-CVE-FHM |
| | ) |
| CAPTAIN JERI SHAW, | ) |
| UNDERSHERIFF MIKE WATERS, and | ) |
| JAILOR BEVERLY MAXWELL | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Now before the Court are Defendants Captain Jeri Shaw and Undersheriff Mike Waters' Motion to Dismiss Plaintiff's Complaint and Brief in Support (Dkt. # 25) and Defendant Jailer Beverly Maxwell's Motion to Dismiss Plaintiff's Amended Complaint and Brief in Support (Dkt. # 39). Defendants argue that plaintiff has not stated a claim upon which relief can be granted, and they are entitled to qualified immunity. Plaintiff Mark P. Bixler, proceeding pro se, responds that he has adequately stated claims under 42 U.S.C. § 1983, and asks the Court to deny defendants' motions to dismiss.

**I.**

Plaintiff Mark P. Bixler is incarcerated in the Dick Conner Correctional Center in Hominy, Oklahoma, but he was held in the Pawnee County Jail while in pretrial detention. His claims in this case concern his treatment while he was in custody at the Pawnee County Jail. Plaintiff alleges that he was having suicidal thoughts and he requested mental health treatment on November 20, 2008. Dkt. # 16, at 3. Beverly Maxwell visited his cell and plaintiff told Maxwell of his suicidal thoughts. He claims that Maxwell said "If that's the case, why don't you just go ahead and do it? Nobody

cares if you kill yourself or not." Id.  Maxwell took no action after plaintiff's request for mental health treatment and he attempted suicide by hanging on November 22, 2008.  Plaintiff was taken to a hospital and remained in an induced coma for over three weeks.  He returned to the Pawnee County Jail on December 19, 2008 and was required to wear a "suicide smock."  Id. at 4.  He claims that he was naked underneath the suicide smock and visitors to the Pawnee County Jail would "stop and 'gawk'" at him.  Id.

Plaintiff claims that the shower was unsanitary and he developed a fungal infection.  Id. at 4.  He asked Maxwell for shower shoes or other foot protection to prevent fungal infections, but he alleges that his requests were ignored.  Id. at 4-5.  He also suffered from two staph infections sometime in 2009 and requested medical treatment.  Id. at 5.  He believes that he also contracted influenza, and he again requested medical treatment.  Id.  Another inmate, Josh Bressler, also reported that he was ill, and paramedics were called to examine Bressler.  The paramedics determined that Bressler needed medical treatment and were preparing to take Bressler to the emergency room.  However, they learned that plaintiff was also ill and they examined him as well.  The paramedics decided that plaintiff should go to the emergency room, and plaintiff claims that Deputy John King asked the paramedics not to take plaintiff for medical treatment.  Id.  The paramedics allegedly stated that plaintiff was in more serious need of treatment than Bressler, and they took both inmates to the emergency room.  Id.  Plaintiff also claims that he was denied dental treatment despite numerous complaints that he was suffering from a severe toothache, and he did not receive dental treatment until April 2009 when his mother paid for plaintiff to see a dentist.  Id. at 6.

Plaintiff also claims that he was denied adequate clothing and hygiene products while he was in custody at the Pawnee County Jail. He states that the "detox tank" where he was held after his suicide attempt was cold, but Maxwell and Captain Jeri Shaw refused to provide him socks for at least four weeks after he was returned to the custody of the Pawnee County Jail. Id. at 6-7. He was also denied shower shoes, toothpaste, a toothbrush, soap, and a mattress while he was on suicide watch. Id. at 7. He claims that he filed requests to staff and grievances concerning the conditions in the "detox tank" and the denial of hygiene products, but Maxwell and/or Shaw took no action on plaintiff's requests. Id. Plaintiff was returned to the general prison population in February 2009, and he alleges that the shower was unsanitary and unsafe. In addition to his complaints about developing foot fungus, he also claims that he fell while stepping up onto the raised shower platform and he fell onto a nearby table. Id.

Plaintiff filed this case alleging claims under 42 U.S.C. § 1983 against Maxwell, Captain Jeri Hall, Jailor Omar L/N/U, and Undersheriff Mike Waters. Dkt. # 1. Plaintiff filed an amended complaint to clarify that Shaw, not Captain Jeri Hall, was the correct defendant, and he dismissed his claims against defendant Omar L/N/U. Dkt. # 15. Plaintiff asserts two claims in his amended complaint (Dkt. # 16). First, he asserts that Maxwell and Shaw were deliberately indifferent to his need for medical treatment and violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution. Id. at 2. Second, he claims that Maxwell and Shaw violated his rights under the Due Process Clause of the Fourteenth Amendment, because they failed to provide him adequate shelter, clothing, and hygiene products. Id. at 6. Although Waters is named as a defendant, plaintiff makes no specific allegations about his conduct. Plaintiff requests declaratory

and injunctive relief and nominal damages, but he does not seek retrospective money damages for the alleged constitutional violations.

## II.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face"and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee County Bd. Of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991). A pro se plaintiff's complaint must be broadly construed under this standard. Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200

4

(2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given the pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall, 935 F.2d at 1110.

### III.

Defendants ask the Court to dismiss plaintiff's claims under Rule 12(b)(6), because plaintiff has failed to allege sufficient facts suggesting that each defendant personally participated in a violation of his constitutional rights. Defendants also claim that they are entitled to qualified immunity from plaintiff's claims for the same reason. Thus, defendants' arguments for dismissal under Rule 12(b)(6) and on the ground of qualified immunity are intertwined, because defendants' request for qualified immunity rests on their argument that plaintiff has not stated a claim. Plaintiff responds that he has adequately stated § 1983 claims against each defendant, and he states additional facts in his responses to the motions to dismiss that were not alleged in the amended complaint.

Section 1983 provides a claim for relief against state actors for violation of a plaintiff's federal rights. Becker v. Kroll, 494 F.3d 904, 914 (10th Cir. 2007). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Anderson v. Suiters, 499 F.3d 1228, 1232-33 (10th Cir. 2007). A defendant must personally participate in the alleged conduct causing the constitutional violation to be held liable under § 1983. Henry v. Storey, 658 F.3d 1235, 1241 (10th Cir. 2011); Trujillo v. Williams, 465 F.3d 1210, 1227 (10th Cir. 2006); Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir. 1993). The plaintiff must also allege that the defendant intentionally deprived him of a constitutional right. Martinez v. Uphoff, 265 F.3d 1130, 1133-34 (10th Cir.

5

2001). "Neither simple nor gross negligence implies an intentional and deliberative violation of constitutional rights, and consequently neither form of negligence satisfies the scienter requirement of § 1983." Johnson v. Martin, 195 F.3d 1208, 1219 (10th Cir. 1999) (quoting Woodward v. City of Worland, 977 F.2d 1392, 1400 (10th Cir. 1992)).

Plaintiff has named Waters as a defendant, but the amended complaint contains no specific allegations concerning Waters' conduct. Plaintiff's response to Waters' and Shaw's motion to dismiss provides some detail about plaintiff's claim against Waters and, broadly construing plaintiff's allegations, it appears that Waters was responsible for responding to inmate grievances. Dkt. # 26, at 1-2. This is not sufficient personal participation in the alleged constitutional violations for plaintiff to state a claim against Waters. Gallagher v. Shelton, 587 F.3d 1063, 1069 (10th Cir. 2009) (denial of inmate's grievance without direct participation in the constitutional violation alleged in the grievance is not sufficient personal participation to establish a defendant's liability under § 1983). In general, a pro se plaintiff should be given an opportunity to cure pleading deficiencies by filing an amended complaint. See Reynoldson v. Shillinger, 907 F.2d 124, 126-27 (10th Cir. 1990). However, even if the Court were to consider the allegations stated in plaintiff's response, he could not state a § 1983 claim against Waters because plaintiff has not alleged any facts suggesting that Waters personally participated in the alleged constitutional violations. The mere fact that Waters handled inmate grievances does not suggest that he personally participated in the violation of plaintiff's constitutional rights, and plaintiff will not be permitted to file an amended complaint reasserting his claims against Waters.

Plaintiff asserts that Maxwell and Shaw were deliberately indifferent to his requests for mental health treatment, medical treatment, and dental treatment. "Deliberate indifference" is

6

defined as knowing and disregarding an excessive risk to an inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 827 (1994); Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). In Wilson v. Seiter, 501 U.S. 294 (1991), the Supreme Court clarified that deliberate indifference has two components: (1) an objective requirement that the pain or deprivation be sufficiently serious; and (2) a subjective requirement that the offending officials act with a sufficiently culpable state of mind. Wilson, 501 U.S. at 298-99. Allegations of negligence do not state a claim under § 1983 for deliberate indifference to medical needs. Hicks v. Frey, 992 F.2d 1450, 1455 (6th Cir. 1993). In addition, differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis or treatment are not enough to state a deliberate indifference claim. Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976). A delay in medical care constitutes a constitutional violation only where the plaintiff can show that the delay resulted in substantial harm. Oxendine v. Kaplan, 241 F.3d 1272, 1276 (10th Cir. 2001).

The Court has reviewed plaintiff's amended complaint and there are few specific allegations concerning Shaw's and Maxwell's conduct. As to Shaw, the only specific allegation about her conduct is that her son allegedly handed out medication using his bare hands. Dkt. # 16, at 6. Plaintiff alleges that Maxwell took no action to prevent him from attempting suicide or to provide him mental health treatment. Id. at 3. He also claims that Maxwell ignored his requests for shower shoes, and he developed fungal infections from the lack of adequate footwear. Id. at 4. Maxwell argues that defendant's allegation concerning Maxwell's failure to take action to prevent plaintiff from committing suicide is barred by the statute of limitations. Plaintiff claims that he told Maxwell on November 20, 2008 that he was contemplating suicide and that Maxwell told him to "go ahead and do it." Id. at 3. However, this case was filed on November 23, 2010. Section 1983 does not

contain a statute of limitations, and the Court must refer to the statute of limitations for tort actions under Oklahoma law to determine if plaintiff's claim was timely filed. McCarty v. Gilchrist, 646 F.3d 1281, 1289 (10th Cir. 2011). Under Oklahoma law, the statute of limitations for similar tort claims is two years. Id. The Court must apply federal law to determine when plaintiff's claim accrued and, under federal law, the statute of limitations on plaintiff's § 1983 claim began to accrue when he knew or had reason to know that his constitutional rights had been violated. Alexander v. Oklahoma, 382 F.3d 1206, 1215 (10th Cir. 2004); Beck v. City of Muskogee Police Dep't, 195 F.3d 553, 557 (10th Cir. 1999). In this case, plaintiff knew that Maxwell was refusing to provide him mental health treatment on November 20, 2008 and he attempted suicide on November 22, 2008. Plaintiff claims that he mailed his original complaint on November 22, 2010 and any claim related to his suicide attempt is timely. Dkt. # 40, at 2. The Court disagrees. Plaintiff knew on November 20, 2008 that Maxwell would not put him on suicide watch or provide him access to mental health treatment, and this aspect of his claim began to accrue on November 20, 2008. At the earliest, plaintiff's complaint could be deemed filed on November 22, 2008 under the prison mailbox rule. See Price v. Philpot, 420 F.3d 1158, 1163-64 (10th Cir. 2005). Thus, any claim based on Maxwell's conduct on November 20, 2008 is time-barred. This does not mean that plaintiff's suicide attempt is irrelevant, but he may only pursue this claim if can identify some act by Maxwell or Shaw that occurred on or after November 22, 2008. As to the remaining allegations, the Court finds that the specific acts allegedly committed by Maxwell and Shaw are insufficient to support a claim that

Maxwell or Shaw were deliberately indifferent to plaintiff's need for medical treatment.[1] However, plaintiff could possibly state a claim if he could identify Maxwell or Shaw as the state actors who committed other acts alleged in the amended complaint, and the Court does not find that it would be futile to allow plaintiff to file a second amended complaint.

The Court also finds that plaintiff's conditions of confinement claim suffers from similar pleading deficiencies, because he has not identified Maxwell or Shaw as the state actor for much of the alleged conduct giving rise to his claim. Plaintiff does allege that Maxwell and Shaw failed to provide him socks or other means of warmth following his suicide attempt, and that Maxwell ignored his requests for other hygiene products. Dkt. # 16, at 7. Plaintiff was held in pretrial detention at the Pawnee County Jail and his conditions of confinement claim is governed by the Due Process Clause of the Fourteenth Amendment. Craig v. Eberly, 164 F.3d 490, 495 (10th Cir. 1998). However, the Eighth Amendment standards for conditions of confinement claims apply. Id. The Eighth Amendment imposes a duty on prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care, and [they] must 'take reasonable measures to guarantee the safety of the inmates.'" Farmer, 511 U.S. at 832 (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)). There are two requirements for an inmate to prevail on a conditions of confinement claim under the Eighth Amendment. First, the alleged injury or deprivation must be sufficiently serious. Tafoya v. Salazar, 516 F.3d 912, 916 (10th Cir. 2008). In some circumstances, a court may consider a combination of conditions or deprivations when determining if an inmate has alleged a sufficiently

---

[1] In particular, plaintiff's allegations that Shaw's son was handing out medication with his bare hands does not show that Shaw acted with deliberate indifference. Plaintiff may view this as unsanitary, but this also shows that the Pawnee County Jail was actually providing inmates with medication.

9

serious injury or deprivation. Mitchell v. Maynard, 80 F.3d 1333, 1442 (10th Cir. 1996). Second, the defendant must act with deliberate indifference. This requires a plaintiff to show that the defendant was subjectively aware of a substantial risk of serious harm to an inmate and that the defendant failed to take steps to alleviate the risk. Tafoya, 516 F.3d at 916.

The Court finds that plaintiff has not adequately alleged a conditions of confinement claim against Maxwell or Shaw. Without consideration of plaintiff's attempted suicide, it is possible that plaintiff could allege a sufficiently serious deprivation to constitute the denial of the "minimal civilized measure of life's necessity." See Shannon v. Graves, 257 F.3d 1164, 1168 (10th Cir. 2001). For example, the Supreme Court has suggested that being placed in a cold cell without adequate means for warmth could constitute a serious deprivation. Wilson, 501 U.S. at 304. However, this case presents a special circumstance due to plaintiff's suicide attempt, because it was likely necessary to deny him access to certain objects to prevent a second suicide attempt. See Daniels v. Woodside, 396 F.3d 730, 735 (6th Cir. 2005) (restrictions on an inmate's activity and denial of access to hygiene products may be warranted if an inmate has notified prison officials of suicidal thoughts). Plaintiff argues in his response to Maxwell's motion to dismiss that Maxwell failed to comply with Oklahoma Department of Correction guidelines for a prisoner on suicide watch, and he may be able to allege additional facts to clarify why the deprivations in this case were sufficiently serious. Based only on the amended complaint, the Court does not find that plaintiff has alleged a serious deprivation or injury that is sufficient to support an Eighth Amendment violation in light of his suicide attempt. The amended complaint also fails to allege sufficient facts to support an inference that Maxwell or Shaw acted with deliberate indifference, because it not clear to what extent they personally participated in the alleged deprivation of plaintiff's constitutional rights. The

Court will allow plaintiff to re-assert his claims against Maxwell and Shaw in an amended pleading, because the additional facts stated in his response suggest that he may be able to state conditions of confinement claims against Maxwell and/or Shaw.

The Court also notes that plaintiff is no longer in the custody of the Pawnee County Jail, yet he seeks declaratory and injunctive relief "to prevent future occurrences of the claims raised herein." Dkt. # 16, at 8. To obtain declaratory or injunctive relief under § 1983, plaintiff must show that the conduct sought to be prohibited will likely occur again and that it will cause him harm. City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983). The Tenth Circuit has clearly held that "while a plaintiff who has been constitutionally injured can bring a § 1983 action to recover damages, that same plaintiff cannot maintain a declaratory or injunctive action unless he or she can demonstrate a good chance of being likewise injured in the future." Facio v. Jones, 929 F.2d 541, 544 (10th Cir. 1991). Although the Court is authorizing plaintiff to file a second amended complaint, he may not reassert his requests for declaratory or injunctive relief unless he has a plausible basis to allege that he may imminently be returned to the Pawnee County Jail.

**IT IS THEREFORE ORDERED** that Defendants Captain Jeri Shaw and Undersheriff Mike Waters' Motion to Dismiss Plaintiff's Complaint and Brief in Support (Dkt. # 25) is **granted**. Plaintiff's claims against Waters are **dismissed with prejudice**, but his claims against Shaw are **dismissed without prejudice**.

**IT IS FURTHER ORDERED** that Defendant Jailer Beverly Maxwell's Motion to Dismiss Plaintiff's Amended Complaint and Brief in Support (Dkt. # 39) is **granted**, and plaintiff's claims against Maxwell are **dismissed without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff may file a second amended complaint realleging his claims against Shaw and Maxwell only no later than **February 24, 2012**. If plaintiff fails to file a second amended complaint curing the deficiencies noted in this Opinion and Order, this action will be dismissed without prejudice for failure to state a claim.

**DATED** this 3rd day of February, 2012.

*Claire V. Eagan*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
